

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2006

# Arunasasam v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2430

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Arunasasam v. Atty Gen USA" (2006). *2006 Decisions.* Paper 281.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/281

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2430

LOGENDRAN ARUNASASAM[1],
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A97-444-059)
Immigration Judge: Honorable Margaret R. Reichenberg

Submitted Under Third Circuit LAR 34.1(a)
September 25, 2006

Before: RENDELL, CHAGARES and ROTH, Circuit Judges

(Filed: October 30, 2006)

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

---

[1]Correct spelling of Petitioner is Logendran Arunasalam, which was misspelled in Petition for Review dated May 3, 2005 and therefore filed as Logendran Arunasasam in caption of docket.

Logendran Arunasalam petitions for review of the order by the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

Arunasalam testified that he was arrested, questioned, and abused by the Sri Lankan police, the Sri Lankan Navy, the Eelam People's Democratic Party ("EPDP"), and the Liberation Tigers of Tamil Eelam ("LTTE"). In addition, Arunasalam claimed the Sri Lankan police forced him to sign a confession that stated he was a member of LTTE. Based on the above, his additional testimony, and a letter allegedly from his sister, Arunasalam sought asylum under the Immigration and Nationality Act (the "Act"), withholding of removal under the Act, and relief under the CAT.

Because we find substantial evidence in the record to support the IJ and BIA's adverse credibility findings and agree that Arunasalam did not demonstrate that he is entitled to asylum, withholding of removal, or CAT relief, we will deny Arunasalam's petition for review.

I

After hearing testimony and receiving evidence, the IJ denied Arunasalam's application for asylum, withholding of removal, and CAT relief. The IJ found that, in five iterations of his story to immigration officials, Arunasalam presented four different variations. On account of these discrepancies, the IJ concluded Arunasalam was not a

2

credible witness, and due to this adverse credibility finding the IJ did not place much weight on the letter Arunasalam produced which he claimed to be from his sister. The IJ accordingly denied Arunasalam's application for asylum because he did not demonstrate that he was the victim of past persecution or that he had a well-founded fear of future persecution upon his return to Sri Lanka. The IJ also denied his withholding of removal application which, under 8 U.S.C. § 1231(b)(3)(A), has a higher burden of proof than the asylum application. In addition, the IJ found that even if it deemed Arunasalam credible, his application for asylum and withholding of removal would be barred because he provided material support to a terrorist organization. The IJ denied relief under the CAT because Arunasalam did not establish it was more likely than not that he would be tortured if he returned to Sri Lanka.

The BIA concluded that the IJ's credibility determination was not clearly erroneous. The BIA did not address whether Arunasalam was statutorily barred from asylum due to contributing to terrorist activities. However, the BIA did find that even if it were to find Arunasalam to be credible, it would still deny his application because country conditions in Sri Lanka had changed. The BIA agreed that Arunasalam was not entitled to relief under the CAT.

## II

Where, as here, the BIA affirms the IJ's decision but adds its own reasoning, we review both the IJ decision and the BIA decision. *He Chun Chen v. Ashcroft*, 376 F.3d

3

215, 222 (3d Cir. 2004).  Credibility is a factual finding.  *Dia v. Ashcroft*, 353 F.3d 228, 247 (3d Cir. 2003) (en banc).  Adverse credibility determinations are reviewed under the substantial evidence standard and must involve the heart of the asylum claim. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002).  The substantial evidence standard holds that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(b); *accord Dia*, 353 F.3d at 247.  Therefore, to ascertain whether the agency's determination is supported by substantial evidence we must decide "whether a reasonable fact finder could make such a determination based upon the administrative record."  *Dia*, 353 F.3d at 249.

The IJ found Arunasalam's testimony not credible.  The IJ based its credibility determination on numerous inconsistencies contained in five accounts given under oath by Arunasalam that purported to describe his experiences in Sri Lanka.  These accounts included Arunasalam's testimony to the IJ, his United States asylum application, his credible fear interview, an interview at the Newark Airport with immigration officials, and an account presented to German immigration officials.

The inconsistencies foreclose Arunasalam's asylum and withholding claims.  Arunasalam did not inform the German officials, the immigration officials at the Newark Airport, or the credible fear interviewer that the Sri Lankan police forced him to sign a confession that he was a member of the LTTE.  He did not inform the credible fear interviewer that he was beaten by the EPDP or the LTTE and he did not inform German

4

officials about the incidents with the EPDP. In addition, Arunasalam admitted that he lied at the Newark airport when he told the immigration official that he was arriving from Sri Lanka and left due to LTTE recruitment efforts. These inconsistencies and others led the IJ to find Arunasalam not credible.

Based on the administrative record, a reasonable factfinder could determine that Arunasalam was not credible in light of the plain inconsistencies contained in his sworn statements. In addition, the inconsistencies go to the heart of the claim because, as the BIA noted, the inconsistencies "relate to whether [Arunasalam] was mistreated in Sri Lanka and which groups mistreated" him. *In re Arunasalam*, A97 444 059 (BIA Apr. 5, 2005) (unpublished).

In addition, we agree with the IJ and the BIA that Arunasalam has not established that he is entitled to relief under the CAT. *See* 8 C.F.R. § 1208.16(c). To be entitled to relief under the CAT, the petitioner must establish that it is more likely than not that he will be tortured upon his return. *Id.* Torture is defined as:

> [A]ny act by which severe pain or suffering . . . is intentionally inflicted on a person for such purposes as obtaining from him or her . . . information or a confession, punishing him or her for an act he or she . . . has committed or is suspected of having committed, or intimidating or coercing him or her . . . or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 1208.18(a)(1). When determining whether it is more likely than not that a petitioner will be tortured upon his return, "all evidence relevant to the possibility of

5

future torture shall be considered." 8 C.F.R. § 1208.16(c)(3). Relevant evidence may include "[e]vidence of past torture inflicted upon the applicant" and "[o]ther relevant information regarding conditions in the country of removal." *Id.* Moreover, although a court finds an applicant not credible, it must still consider country conditions to determine whether to grant relief under the CAT. *Tarrawally v. Ashcroft*, 338 F.3d 180, 188 (3d Cir. 2003). We review the IJ's denial of CAT relief under the substantial evidence standard. *Wang v. Ashcroft*, 368 F.3d 347, 350 (3d Cir. 2004).

The IJ denied Arunasalam relief under the CAT. The IJ found that because Arunasalam was not credible, it must determine whether "a young Tamil male" would be subject to torture by the Sri Lankan government. The IJ denied CAT relief because the evidence of country conditions did not demonstrate that the Sri Lankan government engaged in torture of Tamil males. Therefore, the IJ found that Arunasalam was unable to prove that it was more likely than not that he would be tortured upon his return. This decision is supported by substantial evidence; a reasonable adjudicator would not be compelled to make a contrary finding based on the country reports and the rest of the evidence presented. Accordingly, we agree that Arunasalam is not entitled to relief under the CAT.

### III

Upon review of the IJ decision, the BIA decision, and the record, we conclude that the IJ and BIA's adverse credibility determinations were supported by substantial

evidence. A reasonable adjudicator would not be compelled to make findings contrary to those made by the IJ and BIA. We agree that Arunasalam is unable to prove past persecution or a well-founded fear of future persecution and is not entitled to asylum or withholding of removal under the Act. In addition, we agree with the IJ and BIA's findings that Arunasalam is not eligible for relief under the CAT. Because we uphold adverse credibility findings, denial of asylum, and withholding of removal we need not address whether Arunasalam contributed to terrorist activities or whether the country conditions have changed. Accordingly, we will deny Arunasalam's petition for review.